# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW DAILEY,

Defendant.

Criminal Case No. 18-20751
Hon. Judith E. Levy

Offense(s):
21 U.S.C. §§ 331(a), 333(a)(2)
Introducing Misbranded Drugs Into
Interstate Commerce

18 U.S.C. § 545
Importing Merchandise Contrary to Law

**Maximum Penalty:**
Count One – 3 Years
Count Two – 20 Years
**Maximum Fine:**
Count One – $250,000
Count Two – $250,000
**Supervised Release:**
Count One – Up to 1 Year
Count Two – Up to 3 Years

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the
defendant Matthew Dailey and the United States agree as follows:

1. **<u>GUILTY PLEA</u>**

   A.   **Counts of Conviction**

   The defendant will waive indictment and enter a plea of guilty to a two-count Information.  Specifically, the defendant will plead guilty to: (1) Count One – introducing misbranded drugs into interstate commerce in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and (2) Count Two – importing merchandise contrary to law in violation of Title 18, United States Code, Section 545.  The maximum penalty for Count One is imprisonment for a term not to exceed three years, a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim, and a term of supervised release not to exceed one year.  The maximum penalty for Count Two is imprisonment for a term not to exceed twenty years, a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim, and a term of supervised release not to exceed three years.

   B.   **Elements of Offenses**

   The elements of **Count One** are as follows:

   > 1. The defendant introduced an article into interstate commerce;
   >
   > 2. The article was a "drug" within the meaning of Title 21, United States Code, Section 321(g)(1);

- 2 -

3.  The drug was misbranded in one or more of the following ways:

(A) its labeling lacked adequate directions for use, or (B) it was

manufactured, prepared, propagated, compounded, or processed in an

unregistered establishment; and

4. The defendant acted with the intent to defraud or mislead.

The elements of **Count Two** are as follows:

1. The defendant fraudulently or knowingly;

2. Imported or brought merchandise into the United States; and

3. The defendant did so contrary to law, in one or more of the

following ways: (A) in that the merchandise was a misbranded drug in

violation of Title 21, United States Code, Sections 331(a) and 352(a),

or (B) in that the imported merchandise was entered and introduced

into United States commerce by means of a false statement in violation

of Title 18, United States Code, Section 542.

## C.   Factual Basis for Guilty Plea

The parties agree that the following facts are true, and are a sufficient basis

for the defendant's guilty plea:

Kratom is a psychoactive substance made from the leaves of a tree

indigenous to Southeast Asia.  From March 2011 through November 2016, the

defendant imported hundreds of shipments of kratom into the United States and

used the website nomad-botanicals.com to sell kratom products to hundreds of consumers in the United States.  The defendant intended that consumers use his kratom products as "drugs" within the meaning of the Federal Food, Drug, and Cosmetic Act.  That is, the defendant intended that consumers use his kratom products to treat and mitigate diseases, including but not limited to chronic pain, fibromyalgia, opiate withdrawal, and Lyme disease, and intended that consumers use the products to affect the structure and function of the human body by taking them as substitutes for drugs of abuse and prescription pills.  The United States Food and Drug Administration ("FDA") has not approved kratom for commercial distribution as a drug.

The defendant knew that the FDA regulated the importation and distribution of kratom intended for human consumption, and knew that the FDA had not approved kratom for commercial distribution as a drug.  The defendant also knew that the FDA could detain and seize shipments of kratom being offered for import into the United Sates.  In order to evade the lawful regulatory authority of the FDA, the defendant falsely and materially described his kratom products as "incense" on the nomad-botanicals.com website.  The defendant also instructed his foreign suppliers to label shipments of bulk kratom with materially false statements that untruthfully described the kratom as "incense," "paint pigment," and other substances not regulated by the FDA and not intended for human consumption.

- 4 -

The defendant also provided to the FDA—in some cases through import brokers such as UPS—materially false written descriptions of his bulk kratom imports. On or about March 27, 2014, the defendant knowingly and fraudulently provided labeling to the FDA which falsely described a kratom shipment from Malaysia as containing "Rubia tinctorum" intended for use in the "manufacture of paint pigment," when in fact, as the defendant well knew, the shipment contained kratom intended for human consumption as a drug.

The defendant received bulk shipments of kratom at his residence, 1220 Bauman Avenue, Royal Oak, Michigan (the "residence"). In the basement of the residence, the defendant apportioned bulk shipments of kratom into smaller portions, ground kratom into a finer form, weighed kratom for distribution to consumers, and repackaged kratom into plastic bags. The defendant's residence was not registered with the Secretary of Health and Human Services as a facility that manufactures, prepares, propagates, compounds and processes drugs. The defendant introduced his kratom products into interstate commerce by shipping the products from the state of Michigan to consumers in other states, including by shipping kratom product to C.A. in Marble, North Carolina, on or about March 30, 2015. The labeling of the defendant's kratom products did not include any directions for use, such as indications, dosage instructions, methods of administration, or contraindications.

2.     **<u>SENTENCING GUIDELINES</u>**

A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.     **Agreed Sentencing Guidelines Range**

There are no Sentencing Guidelines disputes.  Except as provided below, the defendant's Sentencing Guidelines range is **30–37 months**, as set forth on the attached worksheets.  If the Court finds:

>   1.  That the defendant's criminal history category is higher than reflected on the attached worksheets, or
>
>   2.  that the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a Guidelines range higher than that noted above, the higher Guidelines range becomes the **agreed range**.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the Sentencing Guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable Guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

### C.    Acceptance of Responsibility

The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated timely acceptance of responsibility for his offense making the defendant eligible for a 3-level downward adjustment under Guideline Section 3E1.1(a) & (b).

## 3.    <u>SENTENCE</u>

The Court will impose a sentence pursuant to Title 18 United States Code Section 3553, and in doing so must consider the Sentencing Guidelines range.

### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment not exceed the top of the agreed Sentencing Guidelines range set forth in paragraph 2.B.  The parties agree that the defendant reserves the right and shall be permitted, if he chooses, to argue for a sentence outside the stipulated Guidelines range by arguing the non-Guidelines factors set forth in Title 18 United States Code Section 3553(a). The defendant acknowledges that the government will advocate for a sentence of

imprisonment within the applicable Guidelines range, which, assuming the full application of Guideline Section 3E1.1, is **30-37 months**.

**B.     Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is one year as to Count One and three years as to Count Two.

**C.     Special Assessment**

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

**D.     Fine**

There is no agreement as to any fine to be imposed.

**E.     Restitution**

The Court may order restitution pursuant to 18 U.S.C. § 3663. There is no agreement as to restitution.

**F.     Forfeiture**

As part of this plea agreement, Defendant agrees to forfeit any proceeds derived from his violation of Count Two under 18 U.S.C. § 982(a)(2)(B) and to forfeit the full value of any property involved in his violations of Counts One and Two under 18 U.S.C. § 545 and 21 U.S.C. § 334 together with 28 U.S.C. § 2461

and 21 U.S.C. § 853.  Defendant acknowledges and agrees that the proceeds he personally obtained plus the full value of the property involved in his violations of Counts One and Two totals at least One Million Dollars ($1,000,000).  As part of this agreement to forfeiture, **Defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of One Million Dollars ($1,000,000) (the "Money Judgment").**

Defendant agrees to sign a Stipulated Order of Forfeiture for the Money Judgment within two weeks of entry of this Rule 11 plea agreement.  If the United States proceeds by way of Application for Forfeiture Money Judgment, Defendant agrees to consent to the entry of the Money Judgment.

Defendant agrees to satisfy the Money Judgment before his sentencing in this case.  At least two weeks prior to sentencing, Defendant agrees to pay the United States One Million Dollars ($1,000,000.00) in the form of a Cashier's Check or Money Order made payable to the "United States Marshals Service," referencing this case number.  Defendant agrees to provide a copy of the payment to the Department of Justice Trial Attorney handling this case and to mail the payment to:

> **United States Marshals Service**
> **U.S. Courthouse**
> **231 W. Lafayette Street, Suite 300**
> **Detroit, Michigan 48226**
> **ATTENTION: Shannon Alexander**

(the "Money Judgment Payment").

If Defendant has not made the full Money Judgment Payment at least two weeks prior to sentencing, Defendant agrees that he will consent to an order forfeiting the following property as substitute assets under 21 U.S.C. § 853(p), up to the amount required to satisfy the Money Judgment in full:

1. Vanguard Individual Brokerage Account ███9221; and

2. Vanguard Roth IRA Brokerage Account ███8886.

(together, the "Subject Accounts"). Defendant agrees to preserve the funds held in the Subject Accounts for forfeiture in this case. Defendant further agrees that if he is unable to satisfy the Money Judgment prior to sentencing, he will not contest forfeiture of the Subject Accounts as substitute assets under 21 U.S.C. § 853(p) or otherwise. If the United States forfeits the Subject Accounts as substitute assets, Defendant agrees that he shall be personally responsible for any tax consequences, penalties, or other losses associated with liquidation of the Subject Accounts.

Defendant also acknowledges that the Money Judgment may be satisfied, to whatever extent possible, from any property owned by Defendant or under his control. If for any reason the Money Judgment is not satisfied by Defendant prior to sentencing, or if the Money Judgment cannot be satisfied in full by forfeiture of the Subject Accounts, Defendant explicitly agrees to the forfeiture of any other assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p) and waives and relinquishes his right to oppose the forfeiture of substitute

assets under 21 U.S.C. § 853(p)(1) or otherwise.  Defendant agrees to identify all assets in which he has, or had, any financial interest and all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years.  Defendant agrees to take all steps, to obtain from any other parties, by any lawful means, any records of assets owned at any time by Defendant. Defendant also agrees to provide and/or consent to the release of his tax returns for the past five years.  If requested by the government, Defendant agrees to provide any documents necessary to forfeit substitute assets, including but not limited to, consents to forfeiture, quit claim deeds, and any other documents necessary to deliver good and marketable title to any assets identified for forfeiture.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.  Defendant also waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

notice of the forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

**4.    USE OF WITHDRAWN GUILTY PLEA**

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**5.    OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against the defendant based on any of the conduct reflected in the attached worksheets.

**6.    EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Paragraph 3 are not binding on the Court. The defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

**7.    APPEAL WAIVER**

The defendant waives any right he may have to appeal his conviction on any grounds, *aside from ineffective assistance of counsel. (PW) JQ* If the defendant's sentence of imprisonment does not exceed 37 months, *(EN)*

the defendant waives any right he may have to appeal his sentence on any grounds.
If the defendant's sentence of imprisonment is at least 30 months, the government
waives any right it may have to appeal the defendant's sentence.

## 8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS

If the defendant is allowed to withdraw his guilty pleas or if any conviction
entered pursuant to this agreement is vacated, the Court shall, on the government's
request, reinstate any charges that were dismissed as part of this agreement.  If
additional charges are filed against the defendant within six months after the date
the order vacating the defendant's conviction or allowing him to withdraw his
guilty pleas becomes final, which charges relate directly or indirectly to the conduct
underlying the guilty pleas or to any conduct reflected in the attached worksheets,
defendant waives his right to challenge the additional charges on the ground that
they were not filed in a timely manner, including any claim that they were filed
after the limitations period expired.

## 9.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government
agency except the United States Department of Justice, Consumer Protection
Branch, and the United States Attorney's Office for the Eastern District of
Michigan.

## 10.   <u>SCOPE OF PLEA AGREEMENT</u>

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in Court.  Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11.   <u>ACCEPTANCE OF AGREEMENT BY DEFENDANT</u>

This plea offer expires unless it has been received, fully signed, by the United States Department of Justice, Consumer Protection Branch by 5:00 P.M. on September 7, 2018.  The government reserves the right to modify or revoke this offer at any time before the defendant pleads guilty.

CHAD A. READLER
Acting Assistant Attorney General
U.S. Department of Justice
Civil Division

- 14 -

GUSTAV W. EYLER
Acting Director
U.S. Department of Justice
Consumer Protection Branch

Clint Narver
Trial Attorney
United States Department of Justice
Consumer Protection Branch

9/14/18
Date

Jocelyn Hines
Trial Attorney
United States Department of Justice
Consumer Protection Branch

9/14/18
Date

By signing below, the defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. The defendant agrees
that he has had a full and complete opportunity to confer with his lawyer, and has
had all of his questions answered by his lawyer.

Patricia Maceroni
Attorney for Defendant

9/5/18
Date

Matthew Dailey
Defendant

9/5/18
Date

MATTHEW J. SCHNEIDER
United States Attorney
Eastern District of Michigan

Adriana Dydell
Assistant United States Attorney
Eastern District of Michigan

12/27/18

Date

# WORKSHEET A
# OFFENSE LEVEL

Defendant **Matthew Dailey**                    District/Office Eastern District of Michigan

Docket Number 18-20751

Count Number(s) 1, 2          U.S. Code Title & Section Count 1 : 21 USC 333(a)(2) ,   Count 2 : 18 USC 545

*Guidelines Manual* Edition Used: 20**16** (*Note*: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.**
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

## 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1(a)(2) | base offense level | 6 |
| 2B1.1(b)(1)(H) | loss more than $550,000 | 14 |
| 2B1.1(b)(10)(B) | substantial part of scheme committed outside U.S. | 2 |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.    Sum **22**

## 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".    §_____ **0**

## 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".    §_____ **0**

## 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".    §_____ **0**

## 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.    **22**

 Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)** are addressed on this one Worksheet A. If so, no Worksheet B is used.

 If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant _Matthew Dailey_                    Docket Number _18-20751_

---

**1. Adjusted Offense Level** (From Worksheet A or B)
If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

| 22 |

**2. Acceptance of Responsibility** (See Chapter Three, Part E)
Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".

| − 3 |

**3. Offense Level Total** (Item 1 less Item 2)

| 19 |

**4. Criminal History Category** (From Worksheet A or C)
Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

| I |

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a. Offense Level Total**
   If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

   | N/A |

   **b. Criminal History Category**
   If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

   | N/A |

**6. Guideline Range from Sentencing Table**
Enter the applicable guideline range from Chapter Five, Part A, in months.

| 30 | to | 37 |

**7. Restricted Guideline Range** (See Chapter Five, Part G)
If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

| N/A | to |

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---
---
---

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant <u>Matthew Dailey</u>                    Docket Number <u>18-20751</u>

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant __Matthew Dailey__                           Docket Number __18-20751__

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

    **a.  Imposition of a Term of Supervised Release:**

      ☐   Ordered because required by statute (See §5D1.1(a)(1)).

      ☑   Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

      ☐   Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

      ☐   Ordered because it may be ordered in any other case (See §5D1.1(b)).

    **b.  Length of Term of Supervised Release**

    Check the Class of the Offense:

      ☐   Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

      ☑   Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

      ☐   Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

      ☐   If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

          _____ years mandatory minimum term of supervised release

      ☐   If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

         Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

    a.  If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

       N/A

    b.  Enter whether restitution is statutorily mandatory or discretionary:

    c.  Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant  Matthew Dailey                                   Docket Number  18-20751

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|
| **a.** | **Special Fine Provisions** |  |  |

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This ***does not*** include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.                                  $

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.                                   $ 10,000        $ 100,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).      $ 10,000        $ 100,000

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**                                                                    $ 200

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

Completed by  Clint Narver                                   Date  December 27, 2018